USDC SCAN INDEX SHEET










CAG   12/15/05   16:15
3:02-CV-00084   SEC V. FRANKLIN
*421*
*JGM.*

Kenneth J. Guido (Calif. Bar No. 40020)
Alan M. Lieberman
Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street N.E.
Washington, DC 20549
(202) 551-4480 (direct) (Guido)
(202) 772-9245 (fax)
Attorneys for Plaintiff
Securities and Exchange Commission

FILED

05 DEC 15 PM 3:15

ORIGINAL

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES E. FRANKLIN, et al.,<br><br>Defendants. | Case No. 3:02cv84 DMS (RBB)<br><br>[~~PROPOSED~~] ORDER AND FINAL JUDGMENT AGAINST DEFENDANTS JAMES E. FRANKLIN AND SAMUEL WOLANYK<br><br>Trial Date: October 17, 2005<br>Time: 9:00 a.m.<br>Courtroom: 10<br>Honorable Dana M. Sabraw |

ENTERED ON 12-15-05

421

A jury trial was held in this matter to adjudicate: (A) Whether Defendants James E. Franklin ("Franklin") and Samuel Wolanyk ("Wolanyk") violated Sections 17(a) and 17(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a), and (b)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; (B) Whether Defendant Franklin violated Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and (c)]; and (C) Whether Defendant Franklin is a controlling person of Defendants Vector Keel and Net Income, pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)].

On November 10, 2005, the jury returned a verdict finding that Defendant Franklin violated the anti-fraud provisions of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder with respect to seven stocks and Defendant Wolanyk violated the anti-fraud provisions of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder with respect to thirteen stocks. The jury also found that Defendant Franklin violated the anti-touting provision of Section 17(b) of the Securities Act with respect to two stocks and that Defendant Wolanyk violated the anti-touting provision of Section 17(b) of the Securities Act with respect to one stock. The jury further found Defendant Franklin liable for violations of the registration provisions of Sections 5(a) and 5(c) of the Securities Act with respect to one stock, and liable for violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder as a control person of Defendants Net Income and Vector Keel, pursuant to Section 20(a) of the Exchange Act.

Based on the jury's verdict, Defendant Franklin's stipulation to being a controlling person of Defendant IPO Consultants and Defendant Avalon Trust, the entire record in this case, and the post-trial proceeding on November 15, 2005:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT** Defendants Franklin and Wolanyk, their agents, servants, and employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5, promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED THAT** Defendants Franklin and Wolanyk, their agents, servants, and employees, and all

persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED THAT**

Defendant Franklin, his agents, servants, employees, and ~~and attorneys~~ and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e (a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate

SEC v. Franklin, et al. 3:02cv84

4

commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED THAT** Defendants Franklin and Wolanyk, their agents, servants, employees, ~~and attorneys~~ *and*, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(b) of the Securities Act [15 U.S.C. § 77q(b)] by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly

or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

V.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED THAT**

Defendant Franklin shall pay a civil penalty in the amount of $770,000 pursuant to Section 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)(2)(C)] and Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. § 78u(d)(3)(B)(iii)]. ~~Defendant Franklin shall make this payment within ten (10) business days following the entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying James E. Franklin as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Franklin shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961~~.

VI.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED THAT**

Defendant Wolanyk shall pay a civil penalty in the amount of $50,000, pursuant to Section 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)(2)(C)] and Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. § 78u(d)(3)(B)(iii)]. ~~Defendant Wolanyk shall make this payment~~

SEC v. Franklin, et al. 3:02cv84

6

~~within ten (10) business days following the entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Samuel Wolanyk as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Defendant Wolanyk shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.~~

## VII.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED THAT** the Commission may enforce this Court's Order and Final Judgment, and any provision thereof, specifically including, but not limited to, any and all provisions of this Order and Final Judgment setting forth defendants' obligations to pay civil money penalties, (and/or through other collection and enforcement procedures authorized by law) at any time after ten days following the entry of this Final Judgment. In addition, the Commission may seek to enforce to collect any payments required to be made by Defendant Franklin from the entities he stipulated to owning and controlling: Defendant IPO Consultants and Defendant Avalon Trust, and the entities the jury found he controlled: Defendant Vector Keel and Defendant Net Income.

## VIII.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED THAT** this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## IX.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED THAT** there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: December 15, 2005

_____
UNITED STATES DISTRICT JUDGE