Kenneth J. Guido (Calif. Bar No. 40020)
Attorney for Plaintiff
Securities and Exchange Commission
100 F Street N.E.
Washington, DC 20549
(202) 551-4480 (direct) (Guido)
(202) 772-9245 (fax)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES E. FRANKLIN, et al.<br><br>Defendants. | Case No. 3:02cv84 DMS (RBB)<br><br>CONSENT OF DIETER RAABE TO ENTRY OF [PROPOSED] ORDER AND FINAL JUDGMENT OF DISGORGEMENT, PRE AND POST JUDGMENT INTEREST, AND CIVIL MONEY PENALTY AGAINST DIETER RAABE<br><br>Courtroom: 10<br><br>Honorable Dana M. Sabraw |

1. Defendant Dieter Raabe ("Raabe") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Raabe and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Raabe admits), Raabe hereby consents to the entry of the Final Judgment Of Disgorgement, Pre and Post Judgment Interest, and Civil Money

1

Penalty in the form attached hereto (the "Final Judgment of Monetary Relief") and incorporated by reference herein, which, among other things:

    (a) Orders Raabe to pay disgorgement of $489,900 and prejudgment interest;

    (b) Orders Raabe to pay a civil money penalty of $110,000; and

    (c) Orders Raabe to pay disgorgement, prejudgment and post judgment interest and civil money penalties in four installments within a twelve month period.

    3. Raabe acknowledges that the civil penalty paid pursuant to the Final Judgment of Monetary Relief may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. Raabe agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Raabe's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Raabe agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Raabe by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Raabe agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including, but not limited to, payment made pursuant to any insurance policy, with regard to any civil money penalty amount that he pays pursuant to the Final Judgment of Monetary Relief, regardless of whether such penalty amount or any part thereof is added to a distribution fund or otherwise used for the benefit of investors. Raabe further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state or local tax for any penalty amount that he pays pursuant to the Judgment, regardless of whether such penalty amount or any part thereof is added to a distribution fund or otherwise used for the benefit of investors.

5. Raabe waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Raabe waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment of Monetary Relief.

7. Raabe enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Raabe to enter into this Consent.

8. Raabe agrees that this Consent shall be incorporated into the Final Judgment of Monetary Relief with the same force and effect as if fully set forth therein.

9. Raabe will not oppose the enforcement of the Final Judgment of Monetary Relief on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Raabe waives service of the Final Judgment of Monetary Relief and agrees that entry of the Final Judgment of Monetary Relief by the Court and filing with the Clerk of the Court will constitute notice to Raabe of its terms and conditions. Raabe further agrees to provide counsel for the Commission, within thirty days after the Final Judgment of Monetary Relief is filed with the Clerk of the Court, with an affidavit or declaration stating that Raabe has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Raabe in this civil proceeding. Raabe acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Raabe waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Raabe further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Raabe understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Raabe understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Raabe agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Raabe hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Raabe breaches this agreement, the Commission may petition the Court to vacate the Final Judgment of Monetary Relief and restore this action to its active docket. Nothing in this paragraph affects Raabe's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Raabe hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Raabe to defend against this action. For these purposes, Raabe agrees that Raabe is not the prevailing party in this action since the parties have reached a good faith settlement.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Raabe (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile

transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Raabe's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Raabe's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Raabe in any United States District Court for purposes of enforcing any such subpoena.

15.  Raabe agrees that the Commission may present the Final Judgment of Monetary Relief to the Court for signature and entry without further notice.

16.  Raabe agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment of Monetary Relief.

Dated: August 23, 2006

_____
Dieter Raabe

On August 23, 2006 Dieter Raabe, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 1-26-2009

Approved as to form:

_____
Irving M. Einhorn
Law Offices of Irving M. Einhorn
1710 10th Street
Manhattan Beach, CA 90266
Counsel for Dieter Raabe

WILLIE MARTIN
Commission # 1544712
Notary Public - California
Los Angeles County
My Comm. Expires Jan 26, 2009

6