**James E. Franklin, Pro Se**
**1212 H Street, SPC #125**
**Ramona, CA 92065**
**720-771-0140**
**jayvonfrank@gmail.com**



FILED

APR 1 4 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

**Clerk of Court**

U.S. District Court

Southern District of California

333 West Broadway, Suite 420

San Diego, CA 92101

**Re:** Supplemental Filing in Support of Rule 60(b) Motion

**Case No.:** 02cv0084-DMS (RBB)

**Defendant:** James E. Franklin

Dear Clerk of Court,

Please find enclosed for filing in the above-referenced matter the following documents:

- **Supplemental Filing in Support of Motion for Relief from Final Judgment Pursuant to Rule 60(b)**

- **Exhibit J – Declaration of Sam Wolanyk**

- **Certificate of Service**

This filing is submitted in support of Defendant's previously filed Rule 60(b) Motion, which was mailed to the Court on April 5, 2025. Exhibit J includes additional evidence in support of the arguments made in the original motion and is intended to supplement the existing record.

Please file this supplemental submission in the case docket and associate it with the Rule 60(b) Motion currently under review.

Thank you for your assistance.

Respectfully,


**/s/ James E. Franklin**

James E. Franklin

Defendant, Pro Se

2

**IN THE UNITED STATES DISTRICT COURT**
**For the Southern District of California**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** )<br> **Plaintiff** )<br> )<br>**v.** )<br> )<br>**JAMES E. FRANKLIN** )<br> **Defendant** ) | **Case No. 02cv84 IEG (RBB)** |

**SUPPLEMENTAL FILING IN SUPPORT OF RULE 60(b) MOTION**
**AND NOTICE OF FILING OF EXHIBIT G (DECLARATION OF SAM WOLANYK)**

TO THE HONORABLE COURT AND ALL PARTIES:

1. PLEASE TAKE NOTICE that Defendant James E. Franklin respectfully submits this supplemental filing in support of his Motion for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b), previously filed and served on April 5th, 2025.

2. Attached hereto as Exhibit J is the Declaration of Sam Wolanyk, the founder and sole operator of RedHotStocks.com. This declaration provides critical clarification of facts mischaracterized at trial and directly contradicts the SEC's central theory that Mr. Franklin controlled the RedHotStocks newsletter.

3. Mr. Wolanyk testifies under penalty of perjury that Mr. Franklin had no editorial control over the site, received no compensation, and did not participate in stock selections. He further affirms that he lost money on the very trades the SEC alleged were part of a fraudulent scheme.

4. This evidence supports the relief sought in Section III(A) of the Memorandum of Points and Authorities filed in connection with the original motion and further justifies reopening the judgment under Rule 60(b)(6).

5. A revised Exhibit List is included for the Court's convenience.

DATED: April 7th, 2025
Respectfully submitted,


James E. Franklin,
Defendant, Pro Se
1212 H Street, SPC #125
Ramona, CA 92065
720-771-0140
jayvonfrank@gmail.com

IN THE UNITED STATES DISTRICT COURT
For the Southern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 02cv84 IEG (RBB) |
| ) | |
| JAMES E. FRANKLIN ) | |
| Defendant ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

1.  This motion arises from a 2005 civil enforcement action in which the SEC alleged
    that Defendant James E. Franklin engaged in a fraudulent "pump and dump"
    scheme through the promotion of microcap stocks. Following a jury verdict, the
    Court entered a final judgment that included permanent injunctive relief and a
    penny stock bar.

2.  Nearly two decades later, serious constitutional and evidentiary issues have
    emerged that warrant reconsideration of the judgment under Federal Rule of Civil
    Procedure 60(b). These include: (1) the improper admission of prejudicial summary
    evidence; (2) the sudden trial appearance of a previously unavailable co-defendant
    granted immunity; (3) the omission of critical exculpatory data; and (4) newly
    discovered evidence of prosecutorial misconduct by SEC trial counsel — all of
    which rendered the trial fundamentally unfair.

3.  Relief is warranted under Rule 60(b)(6), and in part under 60(b)(2), because these
    circumstances reveal a judgment grounded in procedures and representations that
    did not meet constitutional standards of fairness.

1

4. **II. LEGAL STANDARD**

5. Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final judgment for several reasons, including:

6. (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial;

7. (6) Any other reason that justifies relief.

8. Rule 60(b)(6) is intended for "extraordinary circumstances" where justice demands reopening a judgment to prevent manifest injustice. See *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Courts consider the totality of circumstances, including diligence, material prejudice, and the equities of relief. See *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010).

9. Relief under Rule 60(b)(6) may be granted even when earlier appellate review was exhausted, if subsequent developments or cumulative injustice undermine the legitimacy of the judgment.

**III. ARGUMENT**

### A. Improper Expert Testimony and Omissions by the SEC's Summary Witness

10. The SEC's principal summary witness, Robert Lowry, testified under Rule 1006 but offered opinions that functioned as undisclosed expert conclusions. Lowry attributed specific profits and "matched trades" to Franklin without reviewing NSCC clearinghouse data, the only reliable source for identifying trade counterparties.

11. Critically, Lowry's Exhibit 371 omitted Franklin's substantial losses — including a $669,000 loss in Casmyn stock — which created the false impression of uninterrupted profit. Although the Casmyn omission was raised on appeal, its material effect on the jury's perception remains relevant here under Rule 60(b)(6) as

2

part of the cumulative prejudice caused by misleading government evidence and the Court's reliance on it.

12. Lowry's failure to disclose key methodology and the SEC's reliance on incomplete trading summaries distorted the trial record and materially contributed to the finding of fraudulent intent. These evidentiary errors, when considered with other misconduct, meet the extraordinary circumstances threshold under Rule 60(b)(6).

13. Additionally, a sworn declaration from Sam Wolanyk — the founder and sole operator of RedHotStocks.com — reaffirms critical facts that were known before trial but misrepresented by the SEC at trial. Mr. Wolanyk testifies under penalty of perjury that he alone created and controlled the website, selected its content, and conducted independent research. He confirms that Mr. Franklin had no control over the site's publishing process, received no compensation, and recommended only three of fourteen profiled companies — with no editorial influence. Mr. Wolanyk also discloses personal trading losses on several stocks, directly contradicting the SEC's theory that RedHotStocks was used to facilitate fraudulent trading profits. This declaration provides critical context that undermines a core premise of the original verdict and supports relief under Rule 60(b)(6). A true and correct copy of Mr. Wolanyk's declaration is attached as Exhibit J.

**B. Surprise Immunity and Inadequate Mid-Trial Deposition of Co-Defendant Raabe**

14. Co-defendant Dieter Raabe asserted his Fifth Amendment privilege during discovery and was not expected to testify. However, during trial, the SEC suddenly disclosed that Raabe had been granted immunity and would testify.

15. The court permitted a same-day deposition on October 25, 2005, giving the SEC one hour and the defense three hours. While the defense was allowed limited

questioning, this did not constitute meaningful due process under the circumstances: the defense had no opportunity to develop discovery, build impeachment material, or prepare strategy before this critical testimony.

16. Although this issue was raised on appeal, it remains relevant here because the mid-trial substitution of immunity and surprise testimony — combined with other irregularities — deprived Franklin of a fair opportunity to mount a defense. Even technically permissible rulings can result in manifest injustice when they coalesce in a fundamentally unfair process. See *Gonzalez*, 545 U.S. at 535.

### C. Government Misconduct Documented by a Former SEC Enforcement Attorney

17. In February 2025, Franklin spoke by phone with Stephan Jan Meyers, a former SEC Enforcement Attorney who represented him before and after trial. Meyers referenced recent Supreme Court decisions (*Loper Bright*, *Corner Post*) and encouraged Franklin to revisit the case. He also disclosed that he had submitted multiple formal misconduct complaints to the SEC regarding Franklin's case, specifically urging a formal investigation. Despite his credentials and direct knowledge of the case, those complaints were ignored, and no inquiry was ever opened.

18. Motivated by that conversation, Franklin searched his legal storage files and, in March 2025, located three documents authored by Meyers — including two formal letters to the SEC dated March 11, 2004, and June 29, 2007, and a supplemental follow-up communication dated June 29, 2007. These documents collectively detail alleged prosecutorial misconduct by SEC trial counsel, including:

19. False statements to the Court suggesting Franklin was under criminal investigation;

20. Improper use of confidential investigative material in private litigation;

21. Unauthorized proxy depositions to elicit testimony after discovery closed;

22. Efforts to fabricate obstruction claims despite witness objections.

23. These documents were not part of the original record and, although they were found in Franklin's stored case file, he had no reasonable awareness of their contents or legal significance until 2025. They constitute newly discovered evidence under Rule 60(b)(2), and their contents — together with the SEC's failure to respond — support relief under Rule 60(b)(6) as well.

Executed on: April 5, 2025

Location: Sarasota, Florida

James E. Franklin, Pro Se
1212 H Street, SPC #125
Ramona, CA 92065
720-771-0140
jayvonfrank@gmail.com

## IN THE UNITED STATES DISTRICT COURT
### For the Southern District of California

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** <br> **Plaintiff** | ) <br> ) <br> ) |
| **v.** | )    **Case No. 02cv84 IEG (RBB)** <br> ) |
| **JAMES E. FRANKLIN** <br> **Defendant** | ) <br> ) <br> ) |

### DECLARATION OF JAMES E. FRANKLIN IN SUPPORT OF MOTION
### FOR RELIEF FROM FINAL JUDGMENT (Fed. R. Civ. P. 60(b)(2) and (6))

1. I, James E. Franklin, declare under penalty of perjury:

2. I am the Defendant in the above-captioned matter. I make this declaration in support of my Motion for Relief from Final Judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

3. In 2002, I was named as a defendant in this civil enforcement action brought by the SEC. In 2005, judgment was entered against me following a jury trial. That judgment included a permanent injunction and a penny stock bar that have followed me ever since.

4. The SEC alleged that I had participated in a fraudulent "pump and dump" scheme through the promotion of microcap stocks, primarily via an online newsletter. At trial, the SEC introduced summary charts and testimony from Robert Lowry, which were presented as non-expert summaries under Federal Rule of Evidence 1006.

5. In reality, Lowry provided what amounted to improper expert opinions, including speculative interpretations of "matched trading" and intent. He claimed I profited consistently across the trades, while omitting material exculpatory data — such as my documented $669,000 loss in Casmyn stock — from key exhibits, including Exhibit 371.

1

6.  By omitting these losses, the SEC misled the jury into believing I engaged in exclusively profitable trades, creating a false narrative that supported a finding of fraudulent intent. These omissions were not disclosed or corrected at trial and materially affected the outcome.

7.  I have lived with the consequences of that judgment for nearly two decades. I have been unable to raise capital, seek employment, or retain investment partners due to the lasting reputational harm. The judgment appears in SEC investor alerts, databases, and online search results, discouraging any legitimate business opportunities. I have become financially indigent and unable to support my family or return to any role in public markets or finance.

8.  In late February 2025, I had a phone conversation with Stephan Jan Meyers, a former SEC Enforcement Attorney and one of my former legal counsel. During that conversation, Mr. Meyers referenced recent Supreme Court decisions including Loper Bright Enterprises v. Raimondo, which overruled Chevron U.S.A. v. NRDC, and stated that those developments might finally offer me a legal path forward.

9.  He also said that the Supreme Court cases may have an impact in turning around my case, and he encouraged me to seek legal counsel.

10. Until that conversation, I was not aware that the Supreme Court decisions could potentially affect my judgment, or that Mr. Meyers had sent such letters. His words encouraged me to search my long-stored legal records to see if I could locate the correspondence he had described.

11. In early March 2025, I found a folder in my storage that included three documents authored by Mr. Meyers: two formal letters dated March 11, 2004 and June 29, 2007, and a supplemental follow-up memo dated June 29, 2007. These letters document alleged misconduct by the SEC trial team, including improper disclosures of

confidential information, use of proxy depositions, fabrication of obstruction allegations, and false representations made to the Court that affected my ability to testify.

12. I had not reviewed or understood the contents or legal significance of these letters at the time they were written. For nearly two decades, I had been overwhelmed by the burden of the judgment and had effectively given up hope of revisiting my case. It was only after Mr. Meyers' call that I became motivated to reexamine my legal history and to take steps toward seeking post-judgment relief.

13. I have reviewed the sworn declaration recently provided by Sam Wolanyk, the founder of RedHotStocks.com, which is submitted as Exhibit J to this motion. Mr. Wolanyk affirms that I had no control over the content of the site, received no compensation, and recommended only a small fraction of the companies profiled. He also confirms that he suffered trading losses on stocks the SEC alleged were part of a fraudulent scheme. His declaration further supports the relief I am requesting by clarifying my limited involvement and correcting a central mischaracterization made at trial.

14. Tragically, I learned shortly afterward that Mr. Meyers passed away on March 9, 2025 — just weeks after our final conversation. His last words to me about this case gave me the emotional and legal strength to take action.

15. I respectfully submit that the evidentiary omissions at trial and the letters from Mr. Meyers — combined with the procedural misconduct now documented in the record — constitute newly discovered evidence under Rule 60(b)(2), or, in the alternative, extraordinary circumstances under Rule 60(b)(6). I had no reasonable access to or awareness of the full implications of this information at the time of trial, post-trial proceedings, or appeal 3

16. I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct.

Executed on: April 5, 2025
Location: Sarasota, Florida

James E. Franklin, Pro Se
1212 H Street, SPC #125
Ramona, CA 92065
720-771-0140
jayvonfrank@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**For the Southern District of California**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** | ) | |
|   **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 02cv84 IEG (RBB)** |
| | ) | |
| **JAMES E. FRANKLIN** | ) | |
|   **Defendant** | ) | |

**CERTIFICATE OF SERVICE**

I, James E. Franklin, declare that on April 7th, 2025, I served the foregoing **Supplemental Filing in Support of Rule 60(b) Motion**, including Exhibit G, by placing a true and correct copy in the U.S. Mail, first-class postage prepaid, addressed to:

Securities and Exchange Commission
Los Angeles Regional Office
444 South Flower Street, Suite 900
Los Angeles, CA 90071

U.S. Department of Justice – Civil Division
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: April 7th, 2025
Location: Sarasota, Florida

James E. Franklin, Pro Se
1212 H Street, SPC #125
Ramona, CA 92065
720-771-0140
jayvonfrank@gmail.com

1

**IN THE UNITED STATES DISTRICT COURT**

**For the Southern District of California**

| | |
|---|---|
| **SECURITIES & EXCHANGE COMMISSION** | ) |
|   Plaintiff | ) |
| | ) |
| **v.** | )  **Case No. 02cv84 IEG (RBB)** |
| | ) |
| **JAMES E FRANKLIN** | ) |
|   Defendant | ) |

**EXHIBITS TO ACCOMPANY MOTION FOR RELIEF FROM FINAL JUDGMENT**

| Exhibit | Description |
|---|---|
| A | Exhibit 371 – Summary Chart used by SEC summary witness (Robert Lowry) |
| B | Exhibit 89 – Bloomberg trading volume data showing market conditions |
| C | Raabe Immunity Order – Government's mid-trial grant of immunity to co-defendant |
| D | Excerpt from Appellant's Brief – Ninth Circuit Case No. 06-55357 (Pages i–ii, 1–7, 17–21, 29, 34–36, 38–39, 44) |
| E | Declaration of James E. Franklin (attached) |
| F | March 11, 2004 letter from Stephan Jan Meyers to SEC Director of Enforcement |
| G | June 29, 2007 follow-up letter and supplemental memo from Meyers to SEC Commissioners |
| H | April 28, 2004 "Un-Fairy Tale" investor letter by Meyers detailing misconduct |
| I | Google search results & Declaration of Harm related to ongoing reputational damage |
| J | Declaration of Sam Wolanyk affirming Mr. Franklin's lack of editorial control, compensation, or coordination with RedHotStocks.com |

# EXHIBIT J

Declaration of Sam Wolanyk Re:
RedHotStocks.com and Role of
James E. Franklin, November 7, 2003

1  Gregory M. Garrison (SBN 165215)
   GARRISON & McINNIS, L.L.P.
2  2650 Camino del Rio North, Suite 108
   San Diego, California 92108
3
   Telephone:  (619) 299-4877
4  Facsimile:   (619) 299-4787

5  Attorneys for Defendants
   SAMUEL PATRICK WOLANYK

6

FILED

03 NOV -7 PM 4:30

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

7              UNITED STATES DISTRICT COURT

8          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

9   SECURITIES AND EXCHANGE          Case No. 02cv84 IEG (RBB)
10  COMMISSION,

11            Plaintiff,             DECLARATION OF SAMUEL WOLANYK
                                     IN SUPPORT OF MOTION TO SET ASIDE
12       v.                          THE   DEFAULT   AND   DEFAULT
                                     JUDGMENT AGAINST DEFENDANT NET
13  JAMES E. FRANKLIN, et al         INCOME, INC.

14            Defendants.
                                     Date: December 5, 2003
15                                   Time: 10:30 a.m.
                                     Dept: Courtroom 10
16                                   Hon.: Honorable Sabraw

17

18       I, Samuel Wolanyk, declare as follows:

19       1.    I am a Defendant in the above-captioned matter. The facts included in this declaration are

20  within my personal knowledge and I am competent to testify to their truth if called as a witness.

21       2.    In the fall of 1996, I alone thought up the idea and then created the website

22  "RedHotStocks.com". I intended this website to be used for providing investment advice to prospective

23  stock market investors by profiling the likelihood of positive returns in publicly-traded companies.

24       3.    When I first started the website, I did not anticipate its popularity. As the number of

25  people coming to my website increased, I could no longer personally handle numerous communications

26  I received from individual subscribers. I also decided I should limit my liability and take advantage of

27  any tax incentives available to small business owners by incorporating my company. Therefore, in

28  February 2000, I decided to create a corporation and transfer to it ownership of RedHotStocks.com.

SEC v. Franklin
Declaration of Samuel Wolanyk                          Case No. 02cv84 IEG (RBB)

4.     At that time, I knew little about the procedures involved in incorporating a business. Having previously worked for defendant Jim Franklin ("FRANKLIN"), I knew that he had significant experience with corporate formation. I therefore sought out his assistance to set up my corporation.

5.     On my behalf, FRANKLIN contacted Derek Rowley at Corporate Service Center, Inc. who processed the necessary paperwork to incorporate NET INCOME. After NET INCOME was set up, I transferred to it ownership of RedHotStocks.com in exchange for my stock in the corporation.

6.     At all times, I exclusively controlled, operated, and managed RedHotStocks.com and NET INCOME. Neither FRANKLIN nor anyone else had any access to or influence over the profiling activities on the website.

7.     In April 2002, the Securities and Exchange Commission ("the SEC") served me with a complaint alleging that I and the other named Defendants participated in a fraudulent scheme that violated federal securities law. Until this time, I was unaware that my corporation, NET INCOME, was a Defendant in this case.

8.     As soon as I learned of the lawsuit filed against me, I retained the services of Walter Baumgardner as my attorney. However, Mr. Baumgardner provided me with very little assistance in the case. He was rarely available to speak or meet with me and when I did reach him, he would inform me that there was nothing significant to report and that I should just "stay the course."

9.     Mr. Baumgardner even refused to attend my deposition in July 2003, despite my request, and his obligation as my attorney, for him to accompany and defend me.

10.     Mr. Baumgardner remained my counsel of record until October 1, 2003, when the Court permitted him to withdraw from that position. At no time during Mr. Baumgardner's representation did he, or anyone else, advise me that a default and default judgment had been entered against NET INCOME and that, as NET INCOME's shareholder and managing agent, I could and should seek relief on its behalf.

11.     After Mr. Baumgardner withdrew as my counsel, I retained the services of the law offices of Garrison & McInnis, L.L.P. and learned for the first time that a default and default judgment had been entered against NET INCOME and that, as its shareholder and managing agent, I could and should seek relief on its behalf.

SEC v. Franklin
Declaration of Samuel Wolanyk                                    Case No. 02cv84 IEG (RBB)

2

12. Therefore, as NET INCOME's sole shareholder and managing agent, I have brought this motion seeking relief from the default and default judgment entered against NET INCOME.

13. For every profile I posted on RedHotStocks.com, I personally performed an independent investigation into the company before it was posted. In my investigation, I interviewed officers of the various companies. I also discussed the companies with people in the industry.

14. Out of the fourteen companies I posted on my website, Franklin only recommended three. In fact, Franklin suggested I profile other companies which I did not do after I conducted my independent investigation into them.

15. I do not know defendant Raabe. The first time I even learned of Raabe's existence was in the complaint in this case. I also have never heard of defendants Vector Keel, Avalon Trust, Phoenix BLP and Crest Services.

16. Most of the companies I profiled on RedHotStocks.com had an increase in the stock price as I predicted in my posting. I believe this is because I did a thorough investigation into the companies before I posted them on my website. The facts I posted in the profiles came from the companies profiled and I used an acceptable valuation method to reach my predictions as to the increase in the stock price.

17. When I first started RedHotStocks.com, I did not have any interest in the companies I profiled. Then, I received a challenge from a subscriber asking me to "put my money where my mouth is". This prompted me to purchase stock in two of the fourteen companies I profiled to try and maintain my subscribers' trust.

18. When I purchased stock in two companies I profiled, I contacted the SEC to verify that I provided an adequate disclaimer. Unfortunately, the SEC would not assist me because it said I was requesting legal advice. As a result, I modified my disclaimer on the profiles for stock I purchased to read: "RedHotStocks employees, owners, agents, associates, and their families and friends may or may not have a financial interest in the companies we profile."

19. I did not make a profit on the stock that I purchased in the two companies I profiled. In fact, I sold the stock for a loss. In addition, Franklin never paid me any compensation for profiling the companies he suggested I post on my website.

SEC v. Franklin
Declaration of Samuel Wolanyk

Case No. 02cv84 IEG (RBB)

3

20.   The only money I received for my operation and management of RedHotStocks.com was in the form of reimbursements for operating expenses drawn from NET INCOME's account which was primarily funded with profits made from selling ad space on my website.

I declare under penalty of perjury that the foregoing is true and correct.

Executed within the United States on this 7th day of November, 2003, in the County of San Diego, California.

Samuel Wolanyk, Declarant

K:\CLIENTS\Wolanyk\Pleadings\SetAside\decSW.wpd

SEC v. Franklin
Declaration of Samuel Wolanyk

Case No. 02cv84 IEG (RBB)

4



J Farshire
1214 H Street #125
Ramona CA 92065

US District Court
Southern District California
333 W. Broadway Ste 420
San Diego CA 92101

RECEIVED
APR 14 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

