IN THE UNITED STATES DISTRICT COURT

For the Southern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff,<br><br>v.<br><br>JAMES E. FRANKLIN,<br>   Defendant. | Case No. 02cv84 DMS (RBB) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO VACATE JUDGMENT UNDER RULE 60(b)(5) AND (6)**

## I. INTRODUCTION

1. Defendant James E. Franklin respectfully submits this supplemental memorandum in support of his motion to vacate the final judgment entered in 2005, specifically the permanent penny stock bar, pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6).

2. This brief supplements the original motion with newly reviewed trial transcript evidence, intervening Supreme Court precedent, and updated legal analysis that collectively demonstrate that continued enforcement of the judgment is inequitable and legally unsustainable.

## II. SCIENTER WAS NEVER PROVEN

3. The SEC failed to establish that Mr. Franklin acted with the intent to defraud as required under *Aaron v. SEC*, 446 U.S. 680 (1980). The trial record reveals the government relied

extraterritorially. These transactions, lacking a sufficient domestic nexus, were outside the SEC's enforcement authority.

## V. IMPROPER EXPERT TESTIMONY PREJUDICED THE JURY

8. SEC summary witness **Robert Lowry** testified extensively about Mr. Franklin's alleged role using summary charts (Exhibits 371–385) that went far beyond the limits of Rule 1006 or permissible summary evidence.

9. The transcript (pp. 1162–1179) reveals defense objections that Mr. Lowry offered conclusions, narrative, and argumentative visuals without proper foundation or disclosure. This use of expert-style testimony to establish fraud is precisely the type of prejudicial evidence that courts have since recognized as undermining trial fairness.

## VI. CONTINUING HARM AND EQUITABLE BASIS FOR RELIEF

10. The permanent penny stock bar continues to inflict significant hardship on Mr. Franklin. He has been denied access to bank accounts, excluded from professional opportunities, and publicly stigmatized by a judgment based on outdated law and unproven allegations.

11. Rule 60(b)(6) exists to relieve litigants from precisely this kind of enduring injustice when new evidence, legal shifts, and ongoing harm combine to render continued enforcement inequitable.

## VII. CONCLUSION

The Court should exercise its equitable authority to vacate the permanent penny stock bar. The judgment is legally unsound in light of post-trial Supreme Court precedent, the trial record confirms scienter was never properly established, and the continued enforcement of the judgment is both unjust and unconstitutional.

3

IN THE UNITED STATES DISTRICT COURT
For the Southern District of California

SECURITIES AND EXCHANGE )
COMMISSION )
Plaintiff, )
)
v. ) Case No. 02cv84 DEM (RBB)
)
JAMES E. FRANKLIN, )
Defendant. )

## CERTIFICATE OF MAILING

I, **James E. Franklin**, declare that on **April 24, 2025**, I caused true and correct copies of the following document:

- **Supplemental Memorandum in Support of Motion to Vacate Judgment under Rule 60(b)(5) and (6)**

to be placed in the United States mail, with **first-class postage prepaid**, properly addressed as follows:

**Clerk of the Court**
U.S. District Court – Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

**James P. Connor, Esq.**
Securities and Exchange Commission
Los Angeles Regional Office
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Email: connorja@sec.gov *(copy also sent by email as courtesy)*

**Department of Justice – Civil Division**
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

James L. Franklin
1212 H Street, #125
Ramona, CA 92065





RECEIVED
MAY 06 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

Clerk of The Court
US District Court – Southern Distr. Calf.
333 W. Broadway Suite 420
San Diego CA
92101

92101-380620