IN THE UNITED STATES DISTRICT COURT

For the Southern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff,<br><br>v.<br><br>JAMES E. FRANKLIN,<br>   Defendant. | Case No. 02cv84 DMS (RBB) |

**SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO VACATE JUDGMENT PURSUANT TO RULE 60(b)(5) AND (6)**

**TO THE HONORABLE COURT:**

1. Defendant James E. Franklin respectfully submits this Second Supplemental Memorandum in support of his pending Motion to Vacate Judgment. This submission provides newly arisen facts involving the SEC's conduct in a separate enforcement action filed in 2023 — *SEC v. Digital Licensing Inc. (Debt Box)* — in which the SEC:

    - Named Mr. Franklin as a defendant despite his earlier whistleblower role;
    - Failed to investigate or notify him properly;
    - Dismissed the case following judicial sanctions for misconduct;
    - And later acknowledged Mr. Franklin's complete lack of involvement.

These facts support relief under Rule 60(b)(6), which allows post-judgment relief in cases of **extraordinary circumstances** and **government overreach**.

## I. FACTUAL BACKGROUND: THE 2023 DEBT BOX CASE

2. In April 2024, following judicial sanctions, the two SEC attorneys who led the Debt Box case — **Michael Welsh** and **Joseph Watkins** — were given the choice to resign or face termination. Both resigned. The presiding judge, **Hon. Robert Shelby**, described the SEC's conduct as a "gross abuse of power" and found that agency staff had made **"materially false and misleading representations"** to obtain an emergency asset freeze.

3. In response, SEC Enforcement Director **Gurbir Grewal** issued a public apology, reassigned the case, and announced mandatory training reforms. The SEC also moved to dismiss the case without prejudice, but the court declined to grant that motion, signaling that the conduct required formal judicial resolution.

- In **December 2022**, Mr. Franklin filed a civil action and a formal **whistleblower complaint** with the SEC regarding misconduct by principals of "Debt Box."
- Despite acting in good faith, Mr. Franklin received **no response** from the SEC before it filed **SEC v. Digital Licensing Inc.**, Case No. 2:23-cv-00598 (D. Utah) in **August 2023**.
- Mr. Franklin was named as a defendant in that action — without a Wells notice, phone call, or opportunity to respond.
- In **March 2024**, the Court dismissed the case and **sanctioned the SEC** including an award of attorney fees to the Defendants for its **lack of candor, poor investigation, and procedural failures**.
- Following dismissal, a **new SEC enforcement attorney** informed Mr. Franklin:

2

*"I'm clear you had nothing to do with this matter."*

- That attorney confirmed:
    - No **Wells notice** had been issued;
    - The original SEC lawyers were **no longer with the agency**;
    - The filing was the result of **internal failures and rushed enforcement**.

## II. LEGAL SIGNIFICANCE UNDER RULE 60(b)(6)

4. Rule 60(b)(6) authorizes relief from judgment where **"extraordinary circumstances"** make enforcement unjust. Courts grant such relief where:

- **Due process was denied**;
- **Agency misconduct** occurred;
- Or the judgment is no longer **equitable** or grounded in truth.

5. This newly arisen evidence — including the SEC's own internal reversal and acknowledgment — mirrors concerns raised in Mr. Franklin's original motion. It confirms a **pattern of unjustified enforcement**, a lack of credible oversight, and **no legitimate public interest in continuing the 2005 judgment**.

## III. CONCLUSION

6. Mr. Franklin respectfully requests that this Court consider this Second Supplemental Memorandum, along with the attached Declaration, as additional grounds to vacate the 2005 civil judgment and permanent penny stock bar. This evidence further proves that the judgment was based on **unfounded assumptions**, and that enforcement today would be **inequitable, unnecessary, and inconsistent with justice**.

7. This Court now has the opportunity to correct a compounding injustice and restore integrity to a case that no longer reflects either fact or law

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of May 2025,

Respectfully submitted,

*James E Franklin*
James E. Franklin, Pro Se
1212 H Street, #125
Ramona, CA 92065
jayvonfrank@gmail.com

**DECLARATION OF JAMES E. FRANKLIN IN SUPPORT OF SECOND SUPPLEMENTAL NOTICE**

I, James E. Franklin, declare under penalty of perjury under the laws of the United States as follows:

1. I am the Defendant in the above-captioned matter. I submit this declaration in further support of my pending Motion to Vacate Judgment under Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure.

2. In December 2022, I filed a civil lawsuit in federal court against certain principals of Digital Licensing Inc. (also known as "Debt Box"). Simultaneously, I submitted a formal whistleblower complaint to the SEC through its public reporting portal, detailing misconduct related to those same individuals.

3. Despite acting in good faith as a whistleblower, I received **no acknowledgment, phone call, email, or follow-up** from the SEC at any time before it filed **SEC v. Digital Licensing Inc.**, Case No. 2:23-cv-00598 (D. Utah), in August 2023 — more than eight months later.

4. Shockingly, I was named as a defendant in that action — even though I was one of the first to alert the SEC to the underlying conduct. There was **no indication that I was ever investigated**, contacted, or given the opportunity to respond prior to the filing of that complaint.

5

5. The case was later dismissed **without prejudice**, and the presiding judge publicly **sanctioned the SEC including an award of attorney's fees** for misleading the court and failing to meet its obligations of candor and fairness.

6. After the case was dismissed, I was interviewed by a newly assigned SEC enforcement attorney. During that interview, the attorney told me directly:

    *"I'm clear you had nothing to do with this matter."*

7. The attorney also informed me that:

    - I was **never issued a Wells notice** prior to the complaint being filed;
    - The enforcement attorneys responsible for the original complaint were **no longer with the SEC**; and
    - There had been **a breakdown in communication between SEC regional offices**, resulting in a case that was **rushed, uncoordinated, and improperly vetted**.

8. I respectfully present these facts to the Court as **further evidence of a repeated pattern of flawed enforcement**, denial of process, and wrongful targeting by the SEC.

9. The agency's own internal reassessment has now confirmed that I had **no wrongdoing** in the Debt Box matter — yet I endured reputational and financial harm as a result of being named in the action. This mirrors what happened in the 2002 matter currently before the Court.

10. These events underscore my request for equitable relief under Rule 60(b)(6), demonstrating that I have been **wrongly subjected to enforcement not once, but twice**, and that continuing to enforce the 2005 judgment is not in the public interest, nor grounded in justice.

I declare under penalty of perjury that the foregoing is true and correct.

1  Executed this 7th day of May 2025,

2  **Respectfully submitted,**

3

4  *James E Franklin*
   James E. Franklin, Pro Se
5  1212 H Street, #125
   Ramona, CA 92065
6  jayvonfrank@gmail.com

IN THE UNITED STATES DISTRICT COURT
For the Southern District of California

SECURITIES AND EXCHANGE )
COMMISSION )
   Plaintiff, )
)
v. ) Case No. 02cv84 DEM (RBB)
)
JAMES E. FRANKLIN, )
   Defendant. )

# CERTIFICATE OF MAILING

I, **James E. Franklin**, declare that on **May 07, 2025**, I caused true and correct copies of the following document:

   **SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO VACATE JUDGMENT UNDER RULE 60(b)(5) AND (6)**

to be placed in the United States mail, with **first-class postage prepaid**, properly addressed as follows:

**Clerk of the Court**
U.S. District Court – Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

**James P. Connor, Esq.**
Securities and Exchange Commission
Los Angeles Regional Office
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Email: connorja@sec.gov *(copy also sent by email as courtesy)*

**Department of Justice – Civil Division**
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

8

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of May 2025

*James E Franklin*
**James E. Franklin**
Defendant, Pro Se
1212 H Street, #125
Ramona, CA 92065
jayvonfrank@gmail.com

**James E. Franklin**
1212 H Street, #125
Ramona, CA 92065

**May 7th, 2025**

**Clerk of the Court**
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

**Re: SEC v. James E. Franklin**
**Case No. 02cv0084 DMS (RBB)**
**Second Supplemental Memorandum in Support of Motion to Vacate Judgment**

Dear Clerk of the Court,

Please find enclosed for filing in the above-captioned matter:

- One **original** and one **copy** of Defendant James E. Franklin's **Second Supplemental Memorandum in Support of Motion to Vacate Judgment**, including a declaration.
- A **prepaid, self-addressed envelope** for return of a conformed copy.

This supplemental memorandum is submitted in connection with the pending Rule 60(b)(5) and (6) motion currently scheduled for hearing on **June 6, 2025**.

Thank you for your time and attention to this matter.

Respectfully,

*[signature]*
James E. Franklin
Pro Se Defendant




