IN THE UNITED STATES DISTRICT COURT

For the Southern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff,<br><br>v.<br><br>JAMES E. FRANKLIN,<br>  Defendant. | Case No. 02cv84 DMS (RBB) |

# SUPPLEMENTAL NOTICE OF AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF UNDER RULE 60(b)(5) and (6)

**I. Liu v. Securities and Exchange Commission, 591 U.S. 71 (2020)**

1. In Liu, the United States Supreme Court limited the SEC's authority to obtain disgorgement in civil enforcement proceedings. The Court held that such remedies must (1) reflect net profits only, (2) be equitable in nature, and (3) be returned to harmed investors, if any. The SEC may no longer impose open-ended or punitive remedies under the guise of equity.

2. The permanent penny stock bar imposed on Mr. Franklin in 2005 is inconsistent with these principles. The SEC admitted at trial that there were no victims and no evidence of ill-gotten gains. (See Transcript p. 2088: "The SEC is not going to produce any victims because there are no victims.") As such, continued enforcement of this bar violates the equitable limits clarified in Liu and constitutes a basis for relief under Rule 60(b)(5).

## II. Cooper v. Aaron, 358 U.S. 1 (1958)

3. In Cooper, the Supreme Court reaffirmed that its decisions constitute the supreme law of the land and are binding on all lower courts and governmental actors. While the district court's original ruling in this case may have relied on then-prevailing deference to SEC interpretations (e.g., under Chevron U.S.A., Inc. v. NRDC), those doctrines have now been squarely overruled. See Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024).

4. Under Cooper, this Court is obligated to apply Loper Bright, Liu, and related controlling precedent in assessing whether continued enforcement of the judgment remains lawful and equitable. The answer is no.

## III. Conclusion

The authority cited herein was not explicitly referenced by name in Defendant's initial filings, but it forms an essential part of the evolving legal landscape justifying post-judgment relief. Pursuant to Rule 60(b)(5) and (6), Defendant respectfully requests that this Court consider Liu and Cooper as additional grounds to vacate the 2005 judgment and permanent bar.

Dated May 8th, 2025

Respectfully submitted,

*James E Franklin*
James E. Franklin, Pro Se
1212 H Street, #125
Ramona, CA 92065
jayvonfrank@gmail.com

2

IN THE UNITED STATES DISTRICT COURT
For the Southern District of California

SECURITIES AND EXCHANGE COMMISSION )
Plaintiff, )
)
v. ) Case No. 02cv84 DEM (RBB)
)
JAMES E. FRANKLIN, )
Defendant. )

## CERTIFICATE OF MAILING

I, **James E. Franklin**, declare that on **May 8th, 2025**, I caused true and correct copies of the following document:

**SUPPLEMENTAL NOTICE OF AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF UNDER RULE 60(b)(5) and (6) to be placed in the United States mail, with first-class postage prepaid**, properly addressed as follows:

**Clerk of the Court**
U.S. District Court – Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

**James P. Connor, Esq.**
Securities and Exchange Commission
Los Angeles Regional Office
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Email: connorja@sec.gov *(copy also sent by email as courtesy)*

**Department of Justice – Civil Division**
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on this 8th day of May 2025

3

4

5  *James E Franklin*
   **James E. Franklin**
6  Defendant, Pro Se
   1212 H Street, #125
7  Ramona, CA 92065
   jayvonfrank@gmail.com
8

James E. Franklin
1212 H Street, #125
Ramona, CA 92065
(720) 771-0140
jayvonfrank@gmail.com

May 8, 2025

Clerk of the Court
U.S. District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Re: Supplemental Notice of Authority – SEC v. James E. Franklin, Case No. 02cv0084 DMS (RBB)

Dear Clerk of the Court:

Please find enclosed for filing in the above-captioned matter the following document:

- **Supplemental Notice of Authority in Support of Defendant's Motion for Relief Under Rule 60(b)(5) and (6)**

This filing is submitted by me, James E. Franklin, the pro se defendant in the case. I respectfully request that the Court docket this supplemental authority in connection with my pending Motion for Relief from Final Judgment, which is currently set for hearing on **June 6, 2025** before Chief Judge Dana M. Sabraw.

Please file-stamp one copy and return it to me in the enclosed self-addressed stamped envelope for my records.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ James E. Franklin
James E. Franklin, Pro Se



