IN THE UNITED STATES DISTRICT COURT

For the Southern District of California

SECURITIES AND EXCHANGE COMMISSION
Plaintiff,

v.

JAMES E. FRANKLIN,
Defendant.

Case No. 02cv84 DMS (RBB)

# DECLARATION OF JAMES E. FRANKLIN

## IN SUPPORT OF MOTION FOR RELIEF FROM FINAL JUDGMENT

I, James E. Franklin, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am the Petitioner in the above-captioned matter. This Declaration is submitted in support of my Motion for Relief from Final Judgment under Federal Rule of Civil Procedure 60(b)(6).

2. On November 27, 1996, I first learned of Sam Wolanyk's intent to launch a stock newsletter, which later became RedHotStocks.com, launched in January 1998. At no time prior to this disclosure did I participate in any scheme to synchronize promotional activity with stock issuance or resale.

3. In 2024, I undertook a full review of 26 banker's boxes of documents scanned in 2005 but previously unreadable due to my worsening visual impairment (diagnosed in 2022). With the help of AI-assisted search tools, I was finally able to conduct a forensic review of investment records, stock transfers, and filings.

4. My syndicate of companies—including IPO Consultants, Crest, and Vector Keel—reinvested more than **$2.59 million** of total proceeds back into client companies, as detailed in Exhibits 371, 378, and 572. Reinvestments included substantial funds to Amalgamated Explorations (AXPL), NetUSA, MSP Technologies, and the Internet Stock Exchange, among others.

5. I have never reoffended. The public record reflects no new violations, complaints, or sanctions since the judgment entered in 2005 and the penny stock bar in 2006.

6. As part of my career, I have contributed to innovative public-benefit technologies, including:

    - **WaterRx**: a low-power oxidizer for water purification in disaster relief zones;
    - **Remote NMR sensing**: to map aquifers and subsurface hydrogen formations;
    - **Modular disaster relief housing.**
    - **"Magic Mud"**: a drilling compound used in extreme wellbores.

7. My interest in oil exploration began early. At 14, I was mentored by Christian Murer and Gilbert Fowler—independent producers and founders of Amalgamated Explorations. I worked as a landman and learned from their combined 90+ years of industry experience.

8. One day, Mr. Fowler shared a story that left a lifelong impression. He described the discovery of the Schwartzwalder uranium mine near Golden, Colorado by a janitor who had collected mineral samples while hiking. A visiting professor recognized radioactive pitchblende in one sample, and months later, that janitor traced the rock to what became

2

one of the richest uranium deposits in the United States.

9. Mr. Fowler told me, "**James, if you could only see ten feet below the ground, just imagine the wealth that lies beneath your feet.**" That phrase inspired my decades-long search for a breakthrough in subsurface detection—eventually realized through AXPL's telluric-based oil exploration technology.

8. I passed the Series 7 exam at age 17, becoming one of the youngest licensed brokers in the country. I worked for several years without a single client complaint. I later became active in the National Association of Investment Bankers, attending breakout sessions where 10–15 emerging growth companies would present each cycle. It gave me a deep appreciation for the risk and ingenuity that fuels American entrepreneurship.

9. The SEC's case did not uncover any net gain. In fact, I and the syndicate may have incurred **net losses** after deducting verified reinvestments and a $669,000 trading loss in Casmyn Minerals (Exhibit 203). These are not the footprints of a fraud.

10. Even the SEC, at trial, described me as 'like Casper'—they could find no hidden money. And that's because there was none. I never profited. I didn't scheme or hide. I invested and lost. And I have paid dearly

11. My life has been defined by risk-taking, reinvestment, and service. In Japanese culture, the concept of **hansei** requires one to confront one's past with humility, and **gaman** teaches us to endure hardship with dignity. For two decades, I have lived with this judgment, accepting its weight while continuing to build.

12. I respectfully ask this Court to consider one final dimension of fairness: constitutional proportionality. I have lived under a permanent injunction and penny stock bar for nearly two decades. I was never criminally charged. The SEC itself admitted it could

3

find no evidence that I hid money or profited—calling me "like Casper." And that's because there was nothing to find. I never made a profit. I invested, and ultimately lost, using credit lines from banks that collapsed under the weight of the government's prosecution.

13. The penalty imposed was not remedial—it was ruinous. I have been barred from my profession, ostracized from financial systems, and flagged in databases that effectively prohibit employment and investment. I have not reoffended. I have innovated in fields of public benefit, including water purification, subsurface mapping, and clean energy.

14. In Japanese culture, *gaman* is the art of enduring hardship with dignity. For 20 years, I have borne this judgment without complaint or misconduct. But now, with evidence clarified, the law changed, and my conduct unblemished, I respectfully ask the Court to recognize that this penalty no longer meets constitutional or equitable standards.

15. Despite never being criminally charged or found to have caused loss, I have endured what amounts to a permanent professional death sentence. I cannot open a bank account without scrutiny. I have been flagged in regulatory databases for two decades. The SEC could find no hidden assets—because there were none. I never profited.

16. I respectfully ask the Court to consider that under *Liu* and *Austin*, civil sanctions that destroy a person's ability to function economically and socially, without proof of fraud or gain, are now subject to Eighth Amendment limits. The sanction is no longer equitable, and it is not constitutional.

4

### Final Reflection

*"Even civil penalties can violate the Eighth Amendment if they act as punishment, not regulation."* — *Austin*, 509 U.S. at 602

Executed this 10th day of June, 2025

*James Franklin*
James E. Franklin
Petitioner, Pro Se
1212 H Street, #125
Ramona, CA 92065
(720) 771-0140