IN THE UNITED STATES DISTRICT COURT

For the Southern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff,<br><br>v.<br><br>JAMES E. FRANKLIN,<br>    Defendant. | )<br>)<br>)<br>)<br>)  Case No. 02cv84 DMS (RBB)<br>)<br>)<br>)<br>) |

# SUPPLEMENTAL MOTION TO VACATE JUDGMENT PURSUANT TO RULE 60(b)

## AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

**Defendant James E. Franklin**, appearing *pro se*, respectfully submits this supplemental motion to vacate the judgment under Federal Rule of Civil Procedure 60(b) on the following grounds:

## SUPPLEMENTAL MEMORANDUM

### I. Structural Defects in Jury Composition (Rule 60(b)(4))

1. The trial proceeded with **only nine jurors**, as noted in the transcript, without any express, voluntary, and knowing waiver of the right to a twelve-person jury by the Defendant. Under the **Seventh Amendment**, civil litigants are guaranteed a trial by **twelve impartial jurors** unless there is an explicit waiver on the record.

2. The Supreme Court in *Patton v. United States*, 281 U.S. 276 (1930), emphasized that a waiver of a full jury must be made **knowingly, voluntarily, in writing, and with court and government consent.** None of those requirements were met here.

   3. This omission renders the judgment **void** for constitutional deficiency and mandates relief under **Rule 60(b)(4)**.

## II. Statutory Expiration of Judgment Enforcement (Rule 60(b)(5))

1. More than 20 years have passed since the judgment was entered. Under **28 U.S.C. § 3201(c)**, any federal judgment lien expires after **20 years** unless renewed—which was not done in this case.
2. Additionally, under **28 U.S.C. § 2462**, enforcement actions by federal agencies seeking **civil penalties** must commence within **five years** from the date the claim accrues. In *Gabelli v. SEC*, 568 U.S. 442 (2013), the Supreme Court held the clock begins when the violation occurs, not when it is discovered.
3. Because this SEC judgment is more than two decades old, and there has been no renewal or active enforcement, it is now **barred** and should be vacated under **Rule 60(b)(5)**.

## III. Denial of Oral Argument on Post-Judgment Motion (Rule 60(b)(1), (6))

Defendant was denied oral argument on the pending Rule 60 motion, without notice or explanation. This deprives Defendant of a meaningful opportunity to be heard, violating **procedural due process** under the Fifth Amendment. See *Mathews v. Eldridge*, 424 U.S. 319 (1976).

Such procedural irregularities justify vacatur under **Rule 60(b)(1)** (mistake or neglect) and **Rule 60(b)(6)** (extraordinary circumstances).

## IV. Continuing Collateral Harm (Rule 60(b)(5), (6))

1. Despite the expiration of enforceability, the judgment continues to cause **collateral harm**

to Defendant's reputation, credit standing, and legal position. Courts recognize the enduring impact of unenforced but unvacated judgments as grounds for equitable relief. See:

- *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982);
- *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950);
- *Ex parte Milligan*, 71 U.S. (4 Wall.) 2 (1866).

These lingering consequences support equitable relief under **Rule 60(b)(5) and (6)**.

## CONCLUSION

For the reasons stated, Defendant respectfully requests the Court:

1. Vacate the judgment pursuant to Rule 60(b)(1), (4), (5), and (6);
2. Declare the judgment void due to structural jury defects;
3. Acknowledge the expiration of enforceability under federal statutes;
4. Restore oral argument on this motion;
5. Grant any other relief deemed just and proper.

**Dated:** June 18, 2025

*James E Franklin*
**James E. Franklin**
Pro Se
1212 H Street, #125
Ramona, CA 92065
(720) 771-0140
jayvonfrank@gmail.com

3

IN THE UNITED STATES DISTRICT COURT

For the Southern District of California

SECURITIES AND EXCHANGE COMMISSION )
Plaintiff, )
)
v. ) Case No. 02cv84 DMS (RBB)
)
JAMES E. FRANKLIN, )
Defendant. )

# MEMORANDUM OF POINTS AND AUTHORITIES

### IN SUPPORT OF SUPPLEMENTAL MOTION TO VACATE JUDGMENT

**I. Legal Standard: Federal Rule of Civil Procedure 60(b)**

1. Rule 60(b) permits a court to relieve a party from a final judgment for the following relevant reasons:

   - **(1)** Mistake, inadvertence, surprise, or excusable neglect;
   - **(4)** The judgment is void;
   - **(5)** The judgment has been satisfied, released, or discharged, or is no longer equitable;
   - **(6)** Any other reason that justifies relief.

2. Courts interpret Rule 60(b) as a mechanism to prevent injustice and uphold constitutional guarantees. *Klapprott v. United States*, 335 U.S. 601 (1949).

**II. Trial by Jury Must Include Twelve Jurors Absent Knowing Waiver**

1. The **Seventh Amendment** guarantees the right to a jury trial in civil cases and has been interpreted to require a **jury of twelve** unless expressly waived.

2. In *Patton v. United States*, 281 U.S. 276 (1930), the Supreme Court held that waiving this right must be done **knowingly, voluntarily, in writing, and with the court's and prosecution's approval**. There is no record that Defendant James Franklin executed or acknowledged such a waiver.

3. A judgment rendered by a tribunal without jurisdiction or constitutional compliance is **void ab initio** and subject to relief under **Rule 60(b)(4)**. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010).

## III. Statutory Time Limits Bar Enforcement

1. Federal statutes impose strict limits on the duration of enforceability for civil penalties and liens:

- **28 U.S.C. § 3201(c)**: A federal judgment lien expires after **20 years**, unless renewed.
- **28 U.S.C. § 2462**: SEC actions for **civil penalties** must be filed within **five years** of the claim's accrual.

2. The Supreme Court held in *Gabelli v. SEC*, 568 U.S. 442 (2013), that § 2462 begins when the violation occurs—not upon discovery. If enforcement is attempted beyond these limits, it is **time-barred** and **voidable** under Rule 60(b)(5).

## IV. Denial of Oral Argument Violates Due Process

1. The Fifth Amendment mandates that litigants be afforded a "meaningful opportunity to be heard." *Mathews v. Eldridge*, 424 U.S. 319 (1976). Canceling oral argument on a

dispositive post-judgment motion, without justification or alternative process, constitutes **procedural deprivation** under Rule 60(b)(1) and (6).

### V. Collateral Consequences Justify Equitable Relief

1. Even unenforced judgments may inflict reputational, financial, and legal harm. Courts acknowledge this as a basis for vacatur:

- *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982): Collateral harm maintains justiciability.
- *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950): Vacated judgments lose legal effect.
- *Ex parte Milligan*, 71 U.S. (4 Wall.) 2 (1866): Constitutional violations require redress.

Relief is proper under **Rule 60(b)(5)** and **(6)** where continuing injury undermines justice.

**Respectfully submitted,**

*James E Franklin*
**James E. Franklin**
Pro Se
1212 H Street, #125
Ramona, CA 92065
(720) 771-0140
jayvonfrank@gmail.com

3

IN THE UNITED STATES DISTRICT COURT

For the Southern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff,<br><br>v.<br><br>JAMES E. FRANKLIN,<br>   Defendant. | )<br>)<br>)<br>)<br>) Case No. 02cv84 DMS (RBB)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF MAILING

I, **James E. Franklin**, declare that on June 18, 2025, I caused true and correct copies of the following document:

**OBJECTION TO JUDICIAL DENIAL OF DUE PROCESS OF LAW BY CANCELLATION OF ORAL ARGUMENT**

**Clerk of the Court**
U.S. District Court – Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

**James P. Connor, Esq.**
Securities and Exchange Commission
Los Angeles Regional Office
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Email: connorja@sec.gov *(copy also sent by email as courtesy)*

**Department of Justice – Civil Division**
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of June 2025

*James E Franklin*

**James E. Franklin**
Defendant, Pro Se
1212 H Street, #125
Ramona, CA 92065
720-771-0140
jayvonfrank@gmail.com

01/26/24 01:17

**FedEx**

This envelope is only for FedEx Express® shipments.
You can help us get your package safely to its destination by packing your items securely. Need help? Go to fedex.com/packaging for packing tips.

FedEx Express US Airbill  Tracking 8132 1455 6445  0200  Recipient's Copy

1 From  Date 6/19/25
Sender's Name
Company ABVH
Address
City  State  ZIP 9238?

2 Your Internal Billing Reference

3 To Recipient's Name Clerk
Company US [illegible]
Address 333 W [illegible]
City S. Diego  State CA  ZIP 92101

4 Express Package Service
☒ FedEx First Overnight
☐ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx 2Day A.M.
☐ FedEx 2Day
☐ FedEx Express Saver

5 Packaging
☒ FedEx Envelope*  ☐ FedEx Pak*  ☐ FedEx Box  ☐ FedEx Tube  ☐ Other

6 Special Handling and Delivery Signature Options
☐ Saturday Delivery
☐ No Signature Required  ☐ Direct Signature  ☐ Indirect Signature
Does this shipment contain dangerous goods?
☒ No  ☐ Yes  ☐ Dry Ice
☐ Cargo Aircraft Only

7 Payment Bill to:
☒ Sender  ☐ Recipient  ☐ Third Party  ☐ Credit Card  ☐ Cash/Check

644

8132 1455 6445

